United States District Court
Northern District of California

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10   BRIAN JENKINS,                        Case No. 23-cv-01075-JSW

             Plaintiff,
11
                                           ORDER GRANTING MOTION TO
12        v.                               DISMISS FIRST AMENDED
                                           COMPLAINT IN PART WITH LEAVE
13   FCA US LLC,                           TO AMEND

             Defendant.                    Re: Dkt. No. 23
14

15

16        Now before the Court is the motion to dismiss the first amended complaint ("FAC") filed

17   by Defendant FCA US LLC ("Defendant").  Plaintiff Drian Jenkins ("Plaintiff") seeks to state a

18   class action regarding a defective tracklight on the 2014-2023 Dodge Durango vehicles that

19   allowed "water to intrude" through "the gaskets and seals on the vehicle tailgate."  (Dkt. No. 20,

20   FAC ¶¶ 2-3.)  The Court has considered the parties' papers relevant legal authority, and the record

21   in this case, and GRANTS Defendant's motion to dismiss, in part with leave to amend.

22                               BACKGROUND

23        In 2020, Plaintiff purchased a used 2019 Dodge Durango from Kia of Stockton.  (*Id.* ¶ 22.)

24   Prior to this purchase, Plaintiff alleges that he researched Durangos online and reviewed their

25   advertisements.  (*Id.* ¶ 23.)  He also alleges that he test-drove a Durango at some point, without

26   alleging when or what model.  (*Id.* ¶ 24.)  Plaintiff also purchased "an extended warranty from Kia

27   of Stockton that purportedly provided bumper-to-bumper coverage (subject to certain

28   exceptions)."  (*Id.*)

1    On January 22, 2023, Plaintiff first noticed water in his Durango's tracklight.  (*Id.* ¶ 25.)

2    The next day, Plaintiff brought the vehicle in to Putnam Chrysler Jeep Dodge to have the vehicle

3    inspected and was told by a service employee that the Dodge's factory three-year 36,000-mile

4    limited warranty had expired as the Durango had been driven more than 42,000 miles when

5    presented, and also indicated that repairing it would cost approximately $1,300 out of pocket.

6    (*Id.*)  Plaintiffs opted not to have the defect repaired.  (*Id.*)

7    The Court shall address other relevant facts in the remainder of its order.

## ANALYSIS

### A.  Legal Standards.

10    A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

11    pleadings fail to state a claim upon which relief can be granted.  A court's "inquiry is limited to

12    the allegations in the complaint, which are accepted as true and construed in the light most

13    favorable to the plaintiff."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

14    Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a

15    plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels

16    and conclusions, and formulaic recitation of the elements of a cause of action will not do."

17    *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to

18    *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege

19    "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial

20    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

21    inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

22    678 (2009) (citing *Twombly*, 550 U.S. at 556).

23    Claims sounding in fraud or mistake are subject to heightened pleading requirements,

24    which require that a plaintiff claiming fraud "must state with particularity the circumstances

25    regarding fraud or mistake."  Fed. R. Civ. P. 9(b).  In addition, a claim "grounded in fraud" may

26    be subject to Rule 9(b)'s heightened pleading requirements.  A claim is "grounded in fraud" if the

27    plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct

28    as the basis of his or her claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   2003).  "An allegation of active concealment must plead more than an omission; rather, a plaintiff

2   must assert affirmative act of concealment; *e.g.*, that the defendant 'sought to suppress information

3   in the public domain or obscure the consumers' ability' to discover it."  *Taragan v. Nissan N. Am.,*

4   *Inc.*, No. 09-cv-03660-SBA, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013) (citation

5   omitted).  Rule 9(b)'s particularity requirement is satisfied if the complaint "identifies the

6   circumstances constituting fraud so that a defendant can prepare an adequate answer from the

7   allegations."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also*

8   *Vess*, 317 F.3d at 1106.  Accordingly, "[a]verments of fraud must be accompanied by 'the who,

9   what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1107 (quoting

10  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

11      If the allegations are insufficient to state a claim, a court should grant leave to amend,

12  unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

13  Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th

14  Cir. 1990).

15      **B.  Standing.**

16      Defendant first contends that Plaintiff lacks Article III standing because although he

17  alleges a defect in his vehicle, he does not allege that he suffered actual injury because he "*does*

18  *not allege* that the water that entered his tracklight assembly affected his vehicle's lights or camera

19  system in any way, and he certainly does not allege physical injury or property damages as a

20  result."  (Motion at 5 (emphasis in original).)

21      Here, however, Plaintiff sufficiently alleges that he would have paid less for the vehicle

22  had he known of the defect and that the defect diminished the value of his Durango.  (*See* FAC ¶¶

23  15, 17, 26.)  Plaintiff clearly alleges that he would not have purchased the vehicle or would have

24  paid less for it if the seller had disclosed its limitations, thereby establishing sufficient injury in

25  fact.  *See, e.g., In re Chrysler-Dodge-Jeep Ecodeisel Mktg., Sales Practices, and Products Liab.*

26  *Litig.*, 295 F. Supp. 3d 927, 945 (N.D. Cal. 2018) (citing *Hinojos v. Kohl's Corp.*, 718 F.3d 1098

27  (9th Cir. 2013)) (holding that "when a consumer alleges that he or she would not have purchased

28  property, or would have paid less for it, had the seller not misrepresented the property or failed to

United States District Court
Northern District of California

1  disclose its limitations, the consumer has plausibly alleged an injury-in-fact."); *see also Cholakyan*

2  *v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1231 (C.D. Cal. 2011) (finding that the

3  plaintiff made an adequate showing that he "experienced the defect alleged in the complaint and

4  thus suffered injury in fact").

5       The Court concludes that Plaintiff has sufficiently alleged that he suffered an injury in fact,

6  giving rise to standing to sue and does not grant Defendant's motion on this ground.

7      **C. Implied Warranty Claims.**

8       Plaintiff alleges two implied warranty claims: the second cause of action is an implied

9  warranty claim under common law for breach of merchantability and the eleventh cause of action

10  is an implied warranty claim under the Song-Beverly Act, California Civil Code sections 1791.2

11  and 1792.  Under California law, a plaintiff must plead privity of contract with the defendant to

12  state an implied warranty claim under either theory.  Here, because Plaintiff purchased his used

13  vehicle from Kia of Stockton, liability only applies to the seller and not the manufacturer of the

14  vehicle.  *See Nunez v. FCA US LLC*, 61 Cal. App. 5th 385, 399 (2021); *see also Kiluk v.*

15  *Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 339 (2019) (holding that the Song-Beverly Act

16  provides similar remedies (to those available when a manufacturer sells new consumer goods) 'in

17  the context of the sale of used goods, except that the manufacturer is generally off the hook.'").

18  Based on the allegations in the complaint, Plaintiff purchased a used 2019 Durango from Kia of

19  Stockton and also purchased their extended warranty.  (FAC ¶ 25.)  There are no allegations that

20  Defendant partnered with the dealership to offer an extended warranty on the used car that

21  Plaintiff purchased.  Accordingly, Plaintiff has not alleged sufficient privity with Defendant to

22  bring breach of an implied warranty claims and causes of action 2 and 11 are thereby

23  DISMISSED.

24      **D. Express Warranty Claim.**

25       Plaintiff's third cause of action for breach of the express warranty fails because at the time

26  the claims were ripe, the warranty issued by Defendant had already expired as the mileage was in

27  excess of the mileage limit in the warranty.  Plaintiff contends that the warranty itself was

28  unconscionable because he did not have equal bargaining power and lacked any meaningful

1    choice in determining or accepting the limitations of the warranty.  Without citation to authority,

2    Plaintiff also claims the warranty was unconscionable because Defendant knew the vehicles were

3    defective at the time of sale and would fail well before the useful life of the vehicle.  (Opp. Br. at

4    8.)

5           However, "similarly standard warranties, despite generally being non-negotiable, have

6    routinely been upheld absent allegations the plaintiffs lacked other viable options to purchase a

7    similar product or for obtaining additional warranty protections from the defendant."  *Miller v.*

8    *Ford Motor Co.*, 620 F. Supp. 3d 1045, 1057-58 (E.D. Cal. 2022); *see also Smith v. Ford Motor*

9    *Co.*, 749 F. Supp. 2d 980, 993-94 (N.D. Cal. 2010), *aff'd*, 462 F. App'x 660 (9th Cir. 2011)

10   (rejecting the argument that Ford's warrant was unconscionable because the warranty was

11   presented in the form of a nonnegotiable contract and contained a durational limitation that Ford

12   enforced with respect to a known, latent defect).  Based on governing law, Defendant's warranty's

13   time and mileage limitations in its express warranty do not appear to be unconscionable and

14   Plaintiff does not allege that he lacked other viable options to purchase a similar product or with a

15   more extensive warranty.  In fact, Plaintiff alleges that he purchased an extended warranty from

16   Kia, which is not a party to this case.

17          Accordingly, Plaintiff's third cause of action for breach of the express warranty fails for

18   failure to allege an operative warranty or that the limited warranty issued was unconscionable and

19   cause of action 3 is thereby DISMISSED.

20   **E.  Song-Beverly Act Claim.**

21          Plaintiff's tenth cause of action for violation of the Song-Beverly Act fails because a

22   vehicle purchase used that is not accompanied by a full new-car warranty is not subject to the

23   Song-Beverly Act.  *See Rodriguez v. FCA US, LLC*, 77 Cal. App. 5th 209, 218 (2022) ("As is the

24   case with liability for breach of express warranties, 'in the sale of used consumer goods, liability

25   for breach of implied warranty *lies with distributors and retailers*, not the manufacturer,' unless

26   the manufacturer issues a new warranty along with the sale of the used good.") (citations omitted);

27   *see also Nilsen v. Tesla, Inc.*, No. 22-CV-07472-BLF, 2023 WL 3763811, at *3 (N.D. Cal. May

28   31, 2023) (adopting *Rodriguez* to hold that "to state a claim for breach of express warranty under

the SBA, a consumer who purchased a used car must allege that they were issued a full new car warranty by the manufacturer or its agent at the time of purchase.") (citations omitted).  Because Plaintiff clearly alleges that he purchased a used vehicle from a Kia dealer and not a new car warranty from Defendant, he cannot state a claim under the Song-Beverly Act.

Accordingly, the tenth cause of action for violation of the Song-Beverly Act fails and cause of action 10 is thereby DISMISSED.

**F. Magnuson-Moss Warranty Act Claim.**

Both parties agree that the first cause of action for violation of the Magnuson-Moss Warranty Act rises or falls with the state-law warranty claims.  *See Clemens v. DaimlerChrysler Corp.* 534 F.3d 1017, 1022 (9th Cir. 2008) ("[T]his court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims.")  Because the Court finds the state law warranty claims fail, so too does the cause of action under the Magnuson-Moss Warranty Act.

Accordingly, the first cause of action for violation of the Magnuson-Moss Warranty Act fails and cause of action 1 is thereby DISMISSED.

**G. Fraud-Based Claims.**

Defendant moves to dismiss Plaintiff's fraud-based claims (causes of action 4, 5, 7, and 8) on several grounds: (1) the claims are barred by the economic loss rule; (2) the claims are barred because Plaintiff fails to allege a transactional relationship with Defendant; and (3) Plaintiff fails to meet Rule 9(b)'s pleading requirements.

**1. Economic Loss Rule.**

The California Supreme Court has explained that "[e]conomic loss consists of damages for inadequate value, costs of repair and replacement of [a] defective product or consequent loss of profits – without any claim of personal injury or damages to other property."  *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (internal quotations and citations omitted).

> Simply stated, the economic loss rule provides: Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses.  This doctrine hinges on a distinction drawn between transactions involving the sale of goods for

1

commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts. The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise. Quite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other.

*Id.* (internal quotations, brackets, and citations omitted).

Here, Plaintiff asserts fraud by negligent misrepresentation and concealment and alleges that he suffered economic damages as a result. Plaintiff does not allege that he suffered any personal injury or damage to property other than the tracklight assembly defect. (*Id.* ¶ 25.) However, the California Court of Appeals has determined that fraudulent concealment claim (whether by intentional concealment of intentional affirmative misrepresentations) is plausible because "a defendant's conduct in fraudulently inducing someone to enter a contract is separate from the defendant's later breach of the contract or warranty provisions that were agreed to." *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 841 (2022). In that case, the court held that "plaintiffs' fraudulent inducement claim alleges presale conduct by Nissan (concealment) that is distinct from Nissan's alleged subsequent conduct in breaching its warranty obligations" and thus "decline[d] to hold plaintiffs' fraud claim (based in part on presale concealment) is barred by the economic loss rule." *Id.* at 842. Although the decision in *Dhital* is on appeal, the Court finds here that its reasoning is persuasive and it has been followed by this and sister district courts. *See, e.g., Fortune v. Nissan N. Am., Inc.*, No. 22-CV-05247-KAW, 2023 WL 2065043, at *4 (N.D. Cal. Feb. 16, 2023); *Zurba v. FCA USA LLC*, 2022 WL 17363073, at *6 (C.D. Cal. Nov. 10, 2022) ("*Dhital* held, in an automotive defect suit similar to this one, that California's economic loss rule does not bar claims for fraudulent inducement by concealment such as Plaintiff's here. *Dhital*'s reasoning is sound.").

Accordingly, the Court finds that Plaintiff's fraudulent concealment claim is not barred by the economic loss rule.

**2. Transactional Relationship.**

Defendant also moves to dismiss the fraud-based claims on the basis that Plaintiff has

1  failed to allege a transactional relationship indicating that Defendant had a duty to disclose.  A

2  duty to disclose does not exist between a manufacturer and the public at large, but rather arises

3  from direct dealings between the parties.  *See, e.g., Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th

4  276, 311-12 (2017) ("A duty to disclose facts arises only when the parties are in a relationship that

5  gives rise to the duty, such as seller and buyer, employer and prospective employee, doctor and

6  patient, or parties entering into any kind of contractual arrangement).  The transaction giving rise

7  to the duty, "must necessarily arise from direct dealings between the plaintiff and the defendant; it

8  cannot arise between the defendant and the public at large." *Id.*; *see also Platt Elec. Supply, Inc. v.*

9  *EOFF Elec., Inc.*, 522 F.3d 1049, 1059, n.3 (9th Cir. 2008) ("because [plaintiff] failed to allege

10  that there was a transactional relationship between [plaintiff] and [defendant], the district court

11  properly observed that, pursuant to California law, [plaintiff's] fraudulent concealment claim

12  could not be premised on a duty to disclose").

13         Here, Plaintiff alleges that he viewed Defendant's television and online advertisements

14  about the Durango, viewed Defendant's website, and had conversations with Defendant's agents,

15  sales representatives at Putnam Chrysler Jeep Dodge.  (FAC ¶ 23.)  Plaintiff also alleges that he

16  had a contractual relationship with Defendant created through the warranty on the vehicle, upon

17  which Plaintiff attempted to rely to secure repairs.  (*Id.* ¶ 25.)  Defendant contends that the only

18  transactional relationship alleged with Plaintiff was with Kia of Stockton.  However, the Court

19  finds that Plaintiff's allusion to the Putnam representatives and his reliance of Defendant's

20  advertisements, if more fully pled with factual allegations concerning the representatives' agency

21  relationship with Defendant and the content of the advertisements, may lay a foundation for the

22  existence of a relationship between Plaintiff and Defendant.  Accordingly, although the Court

23  GRANTS Defendant's motion to dismiss the fraud-based claims on this basis, the Court grants

24  Plaintiff leave to amend to allege facts tending to show the relationship with Defendant.

25         **3.  Rule 9(b) Pleading Requirements.**

26         The Court also finds that Plaintiff fails to allege sufficient facts to meet the heightened

27  pleading standard of Rule 9(b).  In order to state claims for fraudulent concealment and negligent

28  misrepresentation, as well as the Consumer Legal Remedies Act and Unfair Competition law,

8

United States District Court
Northern District of California

1   Plaintiff must allege what affirmative representations he relied upon or statements made by

2   Defendant (or its agents).  Although Plaintiff alleges that Defendant actively concealed "the

3   Defect," Plaintiff pleads no specific facts regarding the suppression, or what should have been

4   stated or disseminated, how Defendant concealed the alleged defect and propagated

5   misinformation, or when or where Defendant should have revealed the omitted information.  It is

6   especially concerning that the purported lead Plaintiff in a potential class action cannot plead any

7   facts concerning the point of sale at a Defendant dealership, as Plaintiff here purchased the vehicle

8   used from another company altogether.  But, to the extent Plaintiff wishes to amend his complaint,

9   he is cautioned to include all disseminated marketing materials as well as details regarding his

10  alleged interaction with sales representatives and whether they acted as agents of Defendant.

11  **H.  False Advertising Claim.**

12         Plaintiff's ninth cause of action, for violation of California False Advertising Law,

13  California Business and Professions Code section 17500 *et seq.*, fails because it too does not meet

14  Rule 9(b)'s heightened pleading standard.  Plaintiff makes conclusory allegations that he viewed

15  advertisements and spoke with a salesperson at Putnam Chrysler Jeep Dodge dealership.  Plaintiff

16  does not allege what advertisements he reviewed or any facts about their content.  Plaintiff does

17  not allege that the sales representative was acting as an agent of Defendant or what representations

18  they made.  Again, the Court GRANTS Defendant's motion to dismiss this claim with leave to

19  amend to assert factual support for the content of the alleged false advertising, as made by

20  Defendant or its agents.

21  **I.  Equitable Claims.**

22         Claims for violation of Unfair Competition Law (No. 8), unjust enrichment (No. 6), and

23  claims for injunctive relief under the California Consumer Legal Remedies Act (No. 7) are all

24  equitable claims.  Defendant contends that these claims share the same factual predicate as

25  Plaintiff's breach of warranty, fraud, and statutory consumer protection claims, and therefore the

26  equitable claims are not actionable.  *See, e.g., Madrigal v. Hint, Inc.*, 2017 WL 6940534, at *5

27  (C.D. Cal. Dec. 14, 2017) (holding that when a plaintiff bases equitable claims on the same factual

28  predicate as its breach of warranty or fraud claims, the equitable claims are not actionable).  Here,

1     Plaintiff's equitable claims specifically incorporate and re-state the factual allegations on which

2     his warranty, fraud, and consumer protection claims are based.  Accordingly, as currently pled, the

3     equitable claims cannot proceed and the Court GRANTS Defendant's motion to dismiss them.[1]

4     However, the Court grants Plaintiff leave to amend his complaint to state the allegedly distinct

5     factual predicate for his equitable claims.

6                                      **CONCLUSION**

7          For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, in part

8     where noted, with leave to amend.  Should Plaintiff wish to amend his complaint, he may file an

9     amended complaint by no later than April 12, 2024.

10

11          **IT IS SO ORDERED.**

12     Dated:  March 15, 2024

13                                      _____

14                                      JEFFREY S. WHITE

15                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] It is not clear whether Plaintiff may state a claim for unjust enrichment where the facts indicate he purchased the vehicle used from a third party.  *See, e.g., Johnson v. Nissan N. Am., Inc.*, No. 17-cv-00517-WHO, 2022 WL 2869528, at *16 (N.D. Cal. July 21, 2022).

*United States District Court*
*Northern District of California*